# UNITED STATES BANKRUPTCY COURT
## Southern District of Georgia

In re:

**Science Fitness, LLC**
    Debtor

Case No.:  14−12297−SDB

Judge:  Susan D. Barrett

Chapter:  7

## ORDER AND NOTICE OF MOTION TO SELL

On August 9, 2016 , Robert M. Matson, attorney for Chapter 7 Trustee, Joy R. Webster , filed a Motion to Sell Property of the Estate Free and Clear of Liens and Encumbrances and shows the following:

The debtor filed a Chapter 11 bankruptcy in this Court on December 8, 2014. The case was converted to a Chapter 7 bankruptcy on May 2, 2016. Joy R. Webster, Trustee, is the duly appointed Trustee in this case pursuant to 11 U.S.C. Section 702(d). The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(N). Venue is proper pursuant to 28 U.S.C. Section 1409. On May 20, 2016 the Court entered an order allowing the Trustee to operate the debtor's business for a limited period of 120 days to maximize the value of the estate. The debtor listed personal property in Schedule B including exercise equipment, furniture, fixtures and leasehold improvements with a value of $200,000.00. The Trustee wishes to sell substantially all of the debtor's assets including all accounts, contract rights, membership agreements, personal training contracts and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the debtor's business, goods held for sale, supplies and other materials used or consumed in the debtor's business ("Property") by private sale free and clear of liens and encumbrances to GG Evans, LLC ("Buyer") for the sum of $312,000.00. The Trustee requests a determination that the buyer is a good faith purchaser of the property. The buyer is not an insider as set forth in 11 U.S.C. 101(31) and has no relationship with the debtor or the debtor's insiders. The buyer is paying a fair price for the property. The buyer is unaware of any adverse claims to the property other than the liens described in this motion. According to the public records the property is encumbered by the following liens:
a) UCC−1 financing statement in favor of Gym Holdings, LLC as Successor in Interest to GH Evans, LLC
b) FIFA's in favor of the Georgia Department of Labor ("GDL")
c) FIFA's in favor of the Tax Commissioner of Columbia County, Georgia

The debtor executed a promissory note with GH Evans, Inc. on July 20, 2011. On July 20, 2011 a UCC−1 financing statement in favor of GH Evans was recorded in the Superior Court of Columbia County, Georgia. The financing statement encumbers the property. On November 22, 2013 the debtor executed a promissory note with Gym Holdings, LLC the Successor in Interest to GH Evans. The stated purpose of the promissory note to Gym Holdings was to supersede and replace the promissory note to GH Evans dated July 20, 2011. Gym Holdings has not filed a proof of claim with respect to the claim secured by the property. The approximate balance on Gym Holdings' secured claim is $131,929.24. The Trustee does not dispute the secured claim of Gym Holdings and will pay the secured claim in full at closing. GDL filed a proof of claim on April 22, 2015 with a secured portion of $5,303.99. The Trustee does not dispute the secured claim of GDL and will pay the secured portion of the claim in full at closing. Columbia County filed a proof of claim on June 8, 2015. The approximate balance on Columbia County's secured claim as of June 15, 2016 is $10,637.29. The Trustee does not dispute the secured claim of Columbia County and will pay the claim in full at closing. In consideration of the payments Gym Holdings, GDL and Columbia County shall release all liens encumbering the property and any proceeds. Any other valid liens not released by said payments shall attach to the net sales proceeds to the same extent and priority as such liens would have attached to the property. The Trustee believes the sale of the property to the buyer is in the best interest of the estate and the creditors.

WHEREFORE, the Trustee prays that the Court grant her motion and grant her the following relief:
a) allow the Trustee to sell the property to the buyer for $312,000 in accordance to the asset purchase agreement free and clear of the liens or encumbrances of Gym Holdings, GH Evans, GDL and Columbia County pursuant to 11 U.S.C. 363(b) and (f).
b) Gym Holdings, GDL and Columbia County shall release their liens upon payment at closing.
c) A finding that the buyer is a good faith purchaser pursuant to 11 U.S.C. Section 363(m).
d) Approval to pay any past due and pro−rated property taxes and other small miscellaneous charges in accordance with the asset purchase agreement.
e) Approval to execute any instrument necessary to effectuate the sale pursuant to Fed.R.Bankr.P 6004(f)(2).
f) A waiver of the 14 day stay period set forth in Fed.R.Bankr.P 6004(h).

−−−

IT IS HEREBY ORDERED that all parties shall show cause in writing on or before August 31, 2016, and serve a copy on Robert M. Matson, Attorney for Trustee, Akin, Webster & Matson, P.C., P. O. Box 1773, Macon, GA 31202 why motion should not be granted as outlined above, and urge any objections at a hearing which will be held to consider this Motion on:

September 8, 2016 , at 09:00 AM
Federal Justice Center, Plaza Bldg, 600 James Brown Blvd (9th St), Augusta, GA 30901

FURTHER ORDERED, any creditor claiming a lien on said property shall appear at the hearing with records sufficient to document such claim.



Susan D. Barrett
United States Bankruptcy Judge
Federal Justice Center
600 James Brown Blvd
P.O. Box 1487
Augusta, GA 30903

Dated **August 10, 2016**

*B−18 (05/15)* **AKG**