UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SCIENCE FITNESS, LLC ) | CASE NO. 14-12297 SDB |
| ) | |
| Debtor ) | CHAPTER 7 |
| ) | |

**MOTION TO REQUEST PAYMENT OF ADMINISTRATIVE EXPENSE
OF EVANS PLAZA PARTNERS, LLC**

**COMES NOW**, EVANS PLAZA PARTNERS, LLC ("Landlord"), by and through undersigned counsel, and hereby moves this court for an Order allowing Landlord's Administrative Expense Claim (as defined below), and directing the Chapter 7 Trustee, on behalf of the Debtor to immediately make payment to Landlord of all outstanding post-petition expenses through September 2016, in the amount of $155,939.12 pursuant to 11 U.S.C. § 503(b) of the Bankruptcy Code and reserving its future claim for administrative expenses from September 2016 until such time as the Property in question is returned to the Landlord pursuant to the lease terms with the Debtor as set out within the Lease. In support of this Motion, the Landlord states as follows:

**I. JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is 11 U.S.C. §§ 503 and 507.

**II. BACKGROUND**

2. On or about December 8, 2014, Science Fitness, LLC ("Debtor") filed for protection under Chapter 11. On or about May 2, 2016, the case was converted to a Chapter 7.

3. Evans Plaza Partners, LLC, is the Landlord of the Debtor and a Creditor in this action. The Landlord is the owner and manager of the location leased by the Debtor, for use as a gym, 4408 Evans to Lock Road, Evans, GA 30809 ("Leased Premises"). (*See* attached hereto as Exhibit "A" the Lease

between Debtor and Landlord.)

4. The Lease between the Debtor and the landlord provides base rent in the amount of $15,800 for the relevant period, plus 100% of taxes assed on the Leased Premises. (*See* Sec. 5. "Taxes" of Exhibit "A")

5. On or about May 26, 2016, the Landlord filed a proof of claim for administrative expense in the Debtor's case in the amount of $108,734.37. (See attached hereto as Exhibit B.)

6. On or about August 30, 2016, the Landlord filed a proof of claim for administrative expense in the Debtor's case in the amount of $44, 002.11. (See attached hereto as Exhibit B.)

7. On or about September 21, 2016, this Court entered an Order that authorized the Trustee to sell property of the Debtor located in the Leased Premises to Evans Fitness Club Express, LLC ("Express"), for the purchase price of $405,900.00 free and clear of liens. The Trustee maintained throughout the hearings and bidding associated with the asset purchase agreement that the list of the property being sold was the same as that filed in Doc # 287 identified as Exhibit "A".

### III. RELIEF REQUESTED

8. The Landlord seeks entry of an order establishing that its 503(b) Claim is entitled to administrative priority status pursuant to § 503(b) of the Bankruptcy Code. Landlord seeks to have the Court compel the Trustee to pay administrative expense obligations for the months of December, 2014 – September, 2016, immediately pursuant to 11 U.S.C. § 503(b). Landlord also reserves its right to additional payments for administrative expenses for the months of October, 2016 onward.

9. The Landlord further requests a hearing on this Motion.

### IV. BASIS FOR RELIEF

10. Section 503(b) on the allowance of administrative expenses states that, "After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including-- (1) (A) the actual, necessary costs and expenses of preserving the estate …" 11 USCS 503(b). . "The threshold requirement for an administrative expense is that it be actual and

necessary to the preservation of the Estate; the benefit must run to the debtor and be fundamental to the conduct of its business." *See In re Colortex Industries, Inc.*. 19 F. 3d 1371, 1383 (11th Cir. 1994)(citing *In re Continental Airlines* 146 B.R. 520, 526 (Bankr. D. Del. 1992)).

11. The amount of the administrative expense will be determined by the contract amount unless the Debtor presents evidence which demonstrates that the contract amount is unreasonable. *In re Muma Serv., Inc.*, 279 B.R. 478, 490-491 (Bankr. D. Del. 2002) (the court stated that "… the rental value fixed in the lease will control, unless there is convincing evidence that such rental rate is unreasonable").

12. Here, upon information and belief, the Leased Premises has been utilized by the Debtor and the Trustee on behalf of the estate post-petition which has benefitted the estate. (See the Affidavit of Rich Simeone attached hereto as Exhibit C.) Based upon this benefit to the estate, the Landlord is entitled to an administrative expense through September 2016 in the amount of $155,939.12.

13. Pursuant to § 503(b), the Landlord is entitled to be paid as use and occupancy charges for the Debtor's continued retention and use of the Leased Premises for the time period of December 8, 2014 through September, 2016 as an administrative expense. The following is an itemized description of the amount owed:

  a. Pre-Conversion Administrative Expenses:
      i. November 2015 unpaid rent in the amount of $500.
      ii. April 2016 rent in the amount of $15,800.
      iii. May 2016 rent in the amount of $15,800.
      iv. 2014 Property taxes in the amount of $39,337.48.
      v. 2015 Property taxes in the amount of $37,796.89.
      vi. **Total of 109,234.37**
  b. Post-Conversion Administrative Expenses:
      i. August 2016 rent in the amount of $3,000.
      ii. September 2016 rent in the amount of $15,800.

      iii.  2016 Property taxes in the amount of $27,904.75[1]

      **iv.  Total of $46,704.75**

14. Pursuant to § 503(b), the Landlord is also entitled to be paid as use and occupancy charges for the Debtor's failure to deliver the Leased premises pursuant to the Lease terms and all administrative claims from the date of the agreed upon release date to the present time are hereby reserved as an ongoing administrative expense.

This 2nd day of December, 2016.

    /s/ Aimee Pickett Sanders
    Aimee Pickett Sanders
    Georgia Bar No.147022
    Attorney for Evans Plaza Partners, LLC

Of Counsel:
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903
(o) 706/722-4481 | (f) 706.722.9779
asanders@hullbarrett.com

---

[1] The 2016 property taxes have been prorated through September at the rate of $3,100.53/month.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| SCIENCE FITNESS, LLC | )<br>)<br>) | CASE NO. 14-12297 SDB |
| Debtor | )<br>) | CHAPTER 7 |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing **MOTION TO REQUEST PAYMENT OF ADMINISTRATIVE EXPENSE OF EVANS PLAZA PARTNERS, LLC** upon the following by depositing a copy of the same in the United States Mail, addressed as indicated, with adequate postage attached or by electronic mail.

Robert M. Matson, Esq.
Attorney for Trustee
AKIN, WEBSTER & MATSON, P.C.
P.O. Box 1773
Macon, GA 31202

Science Fitness, LLC
Post Office Box 1010
Evans, GA  30809

John P. Claeys, Esq.
512 Telfair St
Augusta, GA 30901

This 2nd day of December, 2016.

/s/ Aimee Pickett Sanders
Aimee Pickett Sanders
Georgia Bar No.147022
Attorney for Evans Plaza Partners, LLC

Of Counsel:
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903
(o) 706/722-4481 | (f) 706.722.9779
asanders@hullbarrett.com